The next case on the docket this morning, or actually we're going to call, is Clark v. Tosh Pork. Argument on behalf of the appellate. May it please the Court, Your Honor. Good morning. I'm Alex Bullock, appearing on behalf of the appellates for Tosh Pork. We appreciate the opportunity to be before you again on this matter. This Court, in its order of November 2014, remanded this case to the Circuit Court with a roadmap on how to analyze 409 convenience matters. Instead of following that roadmap that this Court provided, the Circuit Court entered an order that is so deficient in its analysis that it rises to the level of abusive discretion under Illinois law. Neither the Circuit Court nor the plaintiffs have been able to identify any practical connection between this dispute and St. Clair County. The plaintiffs, who have noted how many times that this case has been argued, have never provided an explanation of why St. Clair was selected, despite being a foreign forum to the plaintiffs with no connection to the incident. As a matter of fact, the only compelling argument that they seem to have made, and the only argument, I should say, not compelling, is that it's 25 miles closer from the airport to the St. Clair County Courthouse than it is to the McCubbin Courthouse. They've identified no injury or property rights connection that would justify taking the time of a St. Clair County jury to hear this case, when in fact this is a case of a local dispute involving local issues that relate directly to McCubbin County. The standard of review in this case, since it's an abusive discretion, is a high standard. However, it's a clear standard of what the Circuit Court should have done, both under Illinois law and as this Court remanded the matter back for further consideration. There's no indication that the Circuit Court applied its own independent judgment in reviewing this matter. The order contains no discussion of significant legal issues that impact forum nonconvenience, such as the location where the plaintiffs live and how that impacts any deference that's given to the plaintiffs towards the forum. There's no discussion of the location of the alleged nuisance, and there's no discussion of the impact that this in fact, in its essence, is a nuisance case, which should be tried in the county where the alleged nuisance is located. It's interesting that in looking at the arguments that the plaintiffs have raised, they seem to continue to be making arguments over whether or not the case is in its proper venue. We've moved beyond venue to forum nonconvenience, which is an equitable doctrine that looks at a number of factors, as the Court is aware, on how to apply. Those are the factors that this Court pointed out to the Circuit Court, and the Circuit Court engaged in an incomplete or inaccurate discussion of those factors. For instance, no discussion, as I mentioned a minute ago, of the plaintiffs choosing a forum as forum to them, while the plaintiff's choice is given deference normally. Illinois law is very clear that when a foreign forum is chosen, it removes the assumption of convenience, and instead it's reasonable to assume that the plaintiffs have engaged in forum shopping under the certain underwriters of Lois v. Illinois Central Railroad. The Compost Products case states that nuisance actions are local and should be tried by local juries, and that's in keeping with the issues that nuisance raises. In order to determine whether or not it's a nuisance, juries are required to engage in an analysis of a number of factors, including two questions which are uniquely local in nature. Are the defendants engaged in a useful enterprise, and is the area well suited for a high facility? I think it's our contention that's made in the briefs that the type of activity that's ongoing is a agriculture issue. Macomb County is a significantly more rural, agricultural-based economy, which relies significantly on livestock agriculture. You just described the activity as ongoing. In the plaintiff's brief, they suggest that the hog operation is no longer in operation. And I'm just wondering, does the record reflect anything about that either way? The record does not reflect that either way, Your Honor. Secondly, there's nothing in the record that indicates that the facility cannot be operated as a hog facility. And third, with nuisance, the issue is not really whether that facility is being operated, but whether or not the area is suitable for that type of operation. And when I say that it's ongoing, it's clear in looking at the statistics from the Illinois Department of Agriculture that there's a significant amount of livestock agriculture that is occurring. That's the activity that's currently ongoing in Macomb County. I'm sorry, I don't recall. But does the plaintiff's prayer for relief request for injunctive relief? Do they request injunctive relief? Your Honor, I do not believe that they do. And off the top of my head, I apologize. I can't remember that. Okay. But the questions that we just discussed in response highlight what is the local nature. Is it St. Clair County, which is five to six times larger and has significantly less agriculture? First of all, is that an appropriate jury to decide whether or not the livestock facilities are appropriate for Macomb County? Secondly, that dovetails into the discussion of the public and private factors related to foreign land convenience, one of which is, is it fair to the jury in the county where the case is tried to hear a matter that has no connection to that county and, in fact, is significantly more important to Macomb County? Dovetails in with the other public factor that interest in local controversies must or should be decided locally. So a question about whether Macomb County is well suited for the livestock industry is appropriate for a Macomb County jury and is of no interest and really inappropriate for a St. Clair County jury to hear that matter. And really, in all of the back and forth in this case, there has been no rational response or no logical response from the plaintiffs about why it would be appropriate for this jury to hear. The only thing they've raised is that the registered agent used to be a resident of St. Clair County and a former defendant is a St. Clair County resident. Illinois courts have said on a number of occasions the location of a registered agent, the location of a principal place of business, the location even of attorneys, is not relevant for a foreign land convenience discussion. Even in the private factors, the private factors weigh heavily in favor of the moving this matter to Macomb County. There is no longer, under Illinois law, an assumption that St. Clair County is convenient merely because the plaintiffs filed a case in that matter in that location. Instead, the convenience factors weigh heavily in favor of Macomb County. One of them regards other witnesses and in these lifetime cases, testimony often in surrounding neighbors is critical to the case for both sides and both parties. Also, the issue of viewing the area surrounding the alleged innocence is critical and the difference between a jury visit from St. Clair County driving 75 miles to see the surrounding area is distinctly different from a Macomb County jury seeing a site in Macomb County. That also goes back to one of Your Honor's questions about whether or not the facility is operating and the plaintiffs have tried to raise that issue. But the plaintiffs have also alleged that there is damage to water surrounding their homes, the odor at their homes. And part of the nuisance case is not what's going on at the alleged nuisance, it's what is the impact of the plaintiff's homes. And it's important for the jury to have an understanding of the location of the plaintiff's homes, the location of other livestock facilities in the area and how that might impact the area as well. So you're saying that even if the facility was closed and bulldozed, there would still be a view of premises, likely the plaintiff's property, and how it's affected. Is that what you're arguing? The possibility of that is an important factor that should be considered. We would have to understand at the point in time what the current conditions were. But the lagoons are still in operation. At the time of the discovery, there was still manure in the lagoons. So merely whether or not there are animals in there, the reality is there are conditions on the ground in which the plaintiffs are complaining in the current state of the record. In looking at the court's order, the circuit court listed a number of issues in which it supposedly made findings regarding both the public and private factors. But close examination of those findings revealed it's merely a listing of the factors and saying I find the following without engaging in the types of analysis that this court directed it to do and that the cases such as Dawdy and Finnell direct circuit courts and trial courts to do in general. It provided no issue regarding why the jury had an interest, what the connection was with the county. It raised questions about whether or not there would be any issues regarding witnesses, a finding that was rejected by the Finnell case. And most importantly, in terms of its dealing with the congestion issue, the court misstated a quote from the Finnell case and the impact of that just in light of the fact that there was not a complete analysis. There was merely just a signing of an order submitted by the plaintiffs, which in and of itself did not contain a complete or thorough analysis of the issue. Illinois law has a clear standard of what cases should be brought under Form 9 convenience. It has a standard on how the matter should be analyzed. If this March 25th order fails to meet the standard or to provide a complete analysis on why it should not be transferred. In summary, what it has done is left that there's no option but to conclude that the original selection of St. Clair County was nothing more than forum shopping as a number of cases under Illinois law have stated. There's no compelling reason that this matter should be in St. Clair County. Under Illinois law, there are a number of compelling reasons why, overwhelmingly, it should be transferred to McKiffin County. Counsel, you raised in your brief how that hearing was conducted in the trial court as to the hearing on this order. Would you explain to this court how that was done? Yes, Your Honor. There was a, in fact, as it relates to this particular order, there was no hearing. There was a, there had been a hearing on a motion to transfer before the parties that are subject to this appeal, Toshport, Silver Creek Pig, and Dicus Farms were parties. Then there was a, after, when the second amendment complaint came in, the court held a second hearing on the Form 9 convenience motions raised by the three parties before you today. At that hearing, following that hearing is when the court issued its original order that this court vacated in its November 2013, 2014 order. The trial court asked for proposed findings and facts, conclusions of law, did not hold a further oral argument, and then just signed the order submitted by the plaintiff. Is there any other evidence or affidavits presented? There were a number of, I know we raised issues, for example, we submitted, which are part of the record, issues on court congestion, and we had relied on a number of previous submissions, so there was evidence. Thank you. Thank you, Counsel. Argument on behalf of the appellee. If I may, please, the Court. The appellates spend much of their brief criticizing the mode and method of the court coming to the conclusion that they did, but I think that they're spending more time on the standard of review than they are on what the forum law is, and my recollection or my reading of the forum law isn't, I think, the same as what they are putting forth. I don't think it's we're going to look around the state to figure out which is the most convenient forum for a case to be brought. I think forum law and forum motions assume that there are multiple venues which are appropriate venues. The analysis, as I understand it, is then to look at the forum which is chosen to decide whether it is inconvenient. They have not, to my view, come up with any good reason why or any reasons at all why this is an inconvenient forum for them. It's their burden. Their burden is to show that it's an inconvenient forum. If they talk about witnesses and potential witnesses and where they live, I didn't see any affidavits in the record. I didn't see any statements by any witnesses, even from their companies, saying that this is an inconvenient forum for them, and I think that's their job in this situation. They want you, well, they imply, or at least, at the very least, they want you to infer that Judge Lopino abused his discretion by signing a proposed order that was submitted by one of the parties. We've all been trial court judges. We've signed a lot of orders submitted by counsel. We ask counsel to submit orders, and once it's signed, it's the order of the court. Thank you, Judge. And I think that I don't think that the abuse of discretion that's discussed in the forum cases contemplates the method of coming to a decision. I think what it talks about is the decision itself. Is this a conclusion that no reasonable person would make under the circumstances? And I don't think that they have met their burden of showing, one, that this is an inconvenient forum, or two, that Judge Lopino abused his discretion. With regard to the factors, so federal sets forth factors that the court is supposed to address in their order. When we were here last time, we talked about those things, and we talked about the merits of whether it was convenient or not more than we are today. Your order asks the court to submit a better order. The fact that there wasn't another hearing, the appellants aren't telling you that we had a bunch of evidence that we wanted to give this judge, and he wouldn't let us. All the judge did was he heard all the arguments that had been fully briefed in the trial court, so he asked for proposed orders so that he could come up with an order that more, well, that actually addressed any of the factors set forth in federal, as was your order. Just because the plaintiffs don't live in the chosen forum doesn't mean that there is some presumption that it's inconvenient. What the law says is that if they live there, it's great deference, but if they don't, there's still deference. Less deference doesn't mean no deference, and so that is a presumption that they have to overcome by looking at these other factors. To say that to somehow try to measure the agricultural activity in one forum versus another I don't think gets to whether or not there's a public or private interest factor. We're not talking about Cook County. St. Clair County, as you all know, has a significant amount of agricultural activity and has for forever. I think that the law requires a look at the total circumstances. I don't think that the appellants have met their burden to show that the balance of these factors strongly favors McCubbin over St. Clair County. There's no showing, no evidence before this court that the defendants or any of the witnesses would be inconvenienced by a trial in St. Clair County or that it's unfair to burden the St. Clair County residents with this trial. As has been discussed before in Langhorst, I believe, the trial court's in the best position to talk about court congestion, and I know that that same case says that that's not a big factor, but it is a factor, and it's a factor that should be addressed just because it's not an overriding factor doesn't mean it shouldn't be addressed, and it was addressed, and I think he's in the best position to know that. That's all I have. Thank you. Thank you, Counselor.  Thank you, Your Honor. Just speaking briefly, there are a number of issues raised in counsel's argument that highlight the either inaccurate or lack of analysis on a couple of these issues. For example, the argument about whether or not we've submitted affidavits from witnesses that would be inconvenient. The Finnell case has specifically said that that issue should not be considered, that it is too early in the case to have to identify witnesses, and therefore that's not an element that should be considered. Is there anything in this record regarding potential witnesses and their addresses? There isn't, Your Honor, because we are so early in the process, and which is precisely what Wyff and Al gave that ruling that it got. And also there's no request for a view that's of record in the trial court by either side at this point. No, Your Honor. We just barely started discovery during this process. And counsel also noted about whether or not what is the test. Just referring back to Conn v. Enterprise Rental Card, the central purpose of any form of nonconvenient inquiry is to ensure the trial is convenient. And moreover, the key is what is the appropriate form, not the most convenient appropriate form, but the appropriate form under the Griffith case. Now, we've gotten into, the counsel raised the issue about what's the level of deference that should be given to the plaintiff's decision to file in St. Clair County. And the reality is the Dottie case states that it receives far less deference  In this case, all of the factors, or almost all of the factors, weigh heavily in transferring to Macomb County. The factors that don't weigh heavily are, at best from the plaintiff's perspective, neutral. Given all of that, the weight of this evidence under a factual analysis, and the analysis requires not, as I said before, not just a listing, but actually a demonstration of the thought process, a true analysis, we would respectfully request supports transfer of this matter to Macomb County. Thank you. Thank you, counsel. We'll take this case under advisement. Court will be in recess.